UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARY SHELBY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PHOENIX INVESTMENT PARTNERS, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-00656-BAS-VET<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE THE MANDATORY SETTLEMENT CONFERENCE**<br><br>**[Doc. No. 23]** |

Before the Court is the parties' Joint Motion to Continue Mandatory Settlement Conference ("Joint Motion"). Doc. No. 23. Therein, the parties request to continue the Mandatory Settlement Conference ("MSC") currently set for May 16, 2024 to sometime in mid-July. *Id.* at 2. They state that good cause exists for the continuance because Plaintiff will "be outside the state of California during the month of May, returning the second week of June, 2024." *Id.* This is the parties' second request for a continuance related to the original scheduling order. *See* Doc. No. 15. The parties seek to continue the MSC to July, but only cite to Plaintiff's absence until the second week of June. Additionally, continuing the MSC to July would conflict with pretrial deadlines in the original scheduling order. *See* Doc. No. 10 at 5. Therefore, based on a review of the Joint Motion and the record, and good cause appearing, the parties' request to continue the MSC is **GRANTED IN PART**.

The parties are advised that further continuances are strongly disfavored absent additional supporting facts. The Court hereby **ORDERS** the following:

1. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **June 12, 2024** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

2. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

3. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

4. **Confidential Settlement Brief.** No later than seven (7) calendar days before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

5. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

6. **Procedure for Zoom Videoconference.** No less than two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

All other pretrial dates and deadlines in the Court's original scheduling order remain in effect. *See* Doc. No. 10 at 5–6.

**IT IS SO ORDERED**.

Dated: April 24, 2024

Honorable Valerie E. Torres
United States Magistrate Judge